### DEIBEL v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9987. Decided June 28, 1929

Geo. W. Spooner, Cleveland, for Deibel.
Ray T. Miller and P. L. A. Lieghley, for State.

**SULLIVAN, J.**

This reviewing court does not have to determine the question as to whether plaintiff in error is guilty or innocent of the crime charged. Its only province and duty is to ascertain whether the record is free and clear from any error which is prejudicial to the rights of plaintiff in error and with this purpose in view we observe that as to the question of the unlawful manner or speed at which the automobile was driven, and as to whether plaintiff in error was in a state of intoxication or under the influence of alcohol, that there is a conflict in the evidence, and we search it for the purpose of ascertaining whether there is evidence of a credible nature under the rules of criminal law, to satisfy the mind beyond the existence of a reasonable doubt, of the guilt of plaintiff in error under one or more of the charges upon which he was tried. It is unnecessary to review the record in detail other than to say that in our judgment we do not find on the question of the weight of the evidence any error of a prejudicial nature which warrants a reversal of the verdict.

We have examined the assignment of error as to the admission and exclusion of evidence, and we have come to the conclusion that the court below committed no prejudicial error in its ruling thereon and for this reason we find no ground for the reversal of the verdict of the jury and judgment of the court.

On the question as to the charge of the court, from an examination of the same, we have come to the conclusion unanimously that there is no prejudicial error

and thus no cause in this respect to disturb the verdict. The charge of a court must be taken as a whole; that sentences may be clipped therefrom which, standing alone, appear as error, is a condition which attaches to the expression of language in any form and instructions to jury are no exception to the general rule. As to whether there is prejudicial error in a charge is not to be determined by an excerpt therefrom. It must be determined from the entire charge. The same principle that applies to the construction of a contract, the interpretation of a will or other instrument of writing, may be applied to the question as to whether there is error in the instructions which a court may give to the jury. The specific complaint made by learned and able counsel for plaintiff in error with respect to the charge, is that the court omitted the words, "prima facie" in one sentence or paragraph, bearing upon the charge under **12603 GC.** which is known as the "speed limits" section. We find however, from a reading of the entire charge that the court repeatedly used these words in question, not only when he read them from the statute itself, but when he undertook to explain in specific detail in his own language the meaning and significance of the statute. We find in these various references where the court repeatedly uses these words, that there could have been no question in the jury's mind but that the words "prima facie" must be considered by them in the determination of the issue as to speed, which was submitted to that tribunal. That there could have been any misconception as to the wording of the law and the interpretation given it by the court on the part of the jury, with respect to these words, there can be no question, because the stress and emphasis of the court bearing upon this language under discussion, places the question beyond any doubt.

From a reading of the charge by a layman there could be no other deduction but that the term "prima facie" must be applied and the meaning to be gathered from a reading of the charge by a layman is an idication that the same significance would be given to the instructions of the court when the charge was delivered to the jury.

The decision of the supreme court that where a court charges right in one instance, and wrong in another instance in the same charge, that there is no way of determining which method the jury follows, has no application to the case at bar, because there is no such situation in the instructions given by the court. The language in the instant case is of such a nature that there is no other conclusion excepting that the jury thoroughly understood that the court meant that it should understand that the words "prima facie" were applicable in their consideration and determination of the evidence in the case, relating to the violation of what is known as the "speed limits" law, to-wit, Sec. **12603-1 GC.**

We have searched the record for prejudicial error in respect to the assignments of error charged, and in all other indications of any possible error, but we are unanimously of the opinion that none exists, in the sense upon which a reversal can be founded, to-wit, error prejudicial to the rights of plaintiff in error.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.